UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES E. REEL, JR., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-284 |
| | ) | *Chief Judge Curtis L. Collier* |
| BILLY LONG, Hamilton County Sheriff; | ) | |
| BEVERLY COOPER, Hamilton County Jail | ) | |
| Nurse, | ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

The court is in receipt of a *pro se* civil rights complaint filed by James E. Reel, Jr., ("Reel") pursuant to 42 U.S.C. § 1983. On November 28, 2007, the Court entered an Order directing Reel to complete the service packets and return them within twenty days for service (Court File No. 2). A copy of the Order was mailed to Reel at his address of record, the Hamilton County Jail, on November 29, 2007. The document was returned to the District Court Clerk as undeliverable on December 27, 2007.

Consequently, Reel's mail was returned and he has not notified the Court of a current address; thus, he will be unable to timely respond to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Reel and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Reel's failure to notify the Court of his current address.

Reel has given no indication that he intends to proceed with this action. Rule 41(b) of the

Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Reel due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.[1]

Therefore, this action will be **DISMISSED** for Reel's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] In the Order entered on November 28, 2007, the Court warned Plaintiff that failure to return the completed service packet within the time required could jeopardize his prosecution of the instant case and failure to inform the Court of Plaintiff's correct address within ten days following any change of address will result in the dismissal of this action(Court File No. 2). Plaintiff, however, never received the November 28, 2007 Order containing these warnings because he has not kept his address current with the Court. Thus, the Court has attempted to warn plaintiff regarding this particular conduct but Plaintiff has not received the warning precisely because of this particular conduct, *i.e.* failing to notify the Court of his change of address.